ORIGINAL
D♦F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALFREDO PEREZ,

               Plaintiff,

     -against-

DUANE READE, DUANE READE INC.,
DUANE READE REALTY, INC., DHI
CONSTRUCTION CORP., DHI
ASSOCIATES, INC., BLOOMINGDALE'S
INC., GSL ENTERPRISES, INC., THE
ESTATE OF SOL GOLDMAN AND THE
LILIAN GOLDMAN MARITAL TRUST
UNDER THE WILL OF SOL GOLDMAN,
AS SUCCESSOR IN INTEREST TO THE
NEW YORK LIFE INSURANCE
COMPANY,

          Defendants/Cross-claimants,

     -and-

ECS ELECTRICAL CONTRACTING
SERVICES, INC., ECS ELECTRICAL
CONSTRUCTION SERVICES, INC.,
SUFFOLK LOCK & SECURITY
PROFESSIONALS, INC.,

          Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-5072 (FB) (RML)

*Appearances:*
*For the Plaintiff:*
NICHOLAS P. GIULIANO
Bennett, Giuliano, McDonnell & Perrone,
LLP
225 West 34th Street, Suite 402
New York, NY 10122

*For Defendants/Cross-claimants Duane
Reade, Duane Reade Inc., Duane Reade
Realty, Inc., Bloomingdale's Inc., GSL
Enterprises, INC., The Estate of Sol Goldman
and the Lilian Goldman Marital Trust Under
the Will of Sol Goldman, as Successor in
Interest to the New York Life Insurance
Company:*
JOYCE G. BIGELOW

Chesney & Murphy, LLP
2305 Grand Avenue
Baldwin, NY 11510

*For Defendants/Cross-claimants DHI*
*Construction Corp., DHI Associates, Inc.:*
ELIZABETH R. GORMAN
RICHARD B. POLNER
Milber Makris Plousadis & Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury, NY 11797

*For Defendants ECS Electrical Contracting*
*Services, Inc., ECS Electrical Construction*
*Services, Inc.:*
EDWARD V. SCHWENDEMANN
MARIANNE ARCIERI
Goldberg Segalla, LLP
200 Old Country Road, Suite 210
Mineola, NY 11501

*For Defendant Suffolk Lock & Security*
*Professionals, Inc.:*
JOHN T. COFRESI
MICHAEL PATRICK GALLAGHER
WENDY MARLA TOBIAS
Cullen and Dykman LLP
177 Montague Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

In this diversity suit, Alfredo Perez ("Perez") alleges causes of action under New York Labor Law §§ 240(1) and 241(6).[1] He claims that the defendants are liable for injuries he suffered—including a fractured skull—when a battery fell from a building's control box that his coworkers were working on, which was located twelve to fifteen feet above the ground, where Perez was working; he was not wearing a safety hat. Perez sues the owners of the building: GSL Enterprises, Inc., The Estate of Sol Goldman, and The Lilian Goldman Marital Trust Under the Will of Sol Goldman, as Successor in Interest to the New York Life Insurance Company (the "Owners"); the out-of-possession lessee: Bloomingdale's, Inc. ("Bloomingdale's"); the tenant: Duane Reade, Duane Reade Inc., and Duane Reade Realty, Inc. ("Duane Reade"); the general contractor: DHI Construction Corp. and DHI Associates, Inc. ("DHI"); and subcontractors ECS Electrical Contracting Services, Inc. and ECS Electrical Construction Services, Inc. ("ECS"), and Suffolk Lock & Security Professionals, Inc. ("Suffolk Lock").[2]

Perez, as well as all defendants still in the case, have moved for summary judgment on the labor law claims. In addition, the tenant Duane Reade and the Owners filed cross-claims against DHI and ECS for common law indemnity, and have moved for summary judgment on those claims. Finally, DHI filed a cross-claim against ECS for

---

[1] As confirmed at oral argument on January 6, 2011, Perez has withdrawn common law and statutory negligence claims.

[2] As confirmed at oral argument, Suffolk Lock is no longer in the case and Perez has withdrawn his claims against Bloomingdale's.

contractual indemnity, and has moved for summary judgment on that claim. For the

following reasons, all motions are denied.

## 1. Perez's § 240(1) Claim

New York Labor Law § 240(1) ("§ 240(1)") subjects owners and contractors

to absolute liability for injuries proximately caused by a violation of the statute. *See Zimmer*

*v. Chemung County Perf. Arts, Inc.*, 65 N.Y.2d 513, 518-19 (1985). Perez argues that he is

entitled to summary judgment on liability on his § 240(1) claim because the battery was not

properly secured, as required by the statute. But for § 240(1) to apply, "a plaintiff must

show more than simply that an object fell causing injury to a worker." *Narducci v.*

*Manhasset Bay Assocs.*, 96 N.Y.2d 259, 268 (2001). "A plaintiff must show that the object

fell . . . *because of* the absence or inadequacy of a safety device of the kind enumerated in the

statute." *Id.* Although Perez argues that his injury happened because the battery was not

properly secured, there is evidence that his injury occurred because the battery was

dropped by Perez's coworkers as they worked from a scissor-lift on the control box which

housed the battery.[3] Thus, Perez has not established as a matter of law that a violation of

---

[3]The evidence in the record supporting defendants' theory that the battery was
dropped by Perez's coworkers consists of Perez's own deposition testimony:
> Q. Did anyone every tell [you] that somebody dropped the
> battery at the time of your accident?
> A. I didn't need anybody to tell me. I knew it was dropped.
> I mean, there's no other way for it to fall down, while they
> were up there.

Perez Dep. 119: 5-11. In addition, Perez's son answered "yes" during his deposition
when asked "did the man with the black hair tell your brother that he dropped the
batter on your father?" C. Perez Dep. 34:6-9.

4

§ 240(1) was the proximate cause of his injury.

In support of their motion, the defendants cite *Outar v. City of New York*, 730 N.Y.S.2d 138 (2d Dep't 2001), for the proposition that "an object carried by hand . . . does not implicate the special protections afforded by [§ 240(1)]." *Id.* at 140 (dicta). The New York Court of Appeals case cited in *Outar* to support that statement, *Rodriguez v. Margaret Tietz Ctr. for Nursing Care, Inc.*, 84 N.Y.2d 841 (1994), did not turn, however, on whether the falling object was carried by hand; rather, the *Rodriguez* court held that § 240(1) was inapplicable because the plaintiff there was not exposed to "the extraordinary elevation risks envisioned by [§ 240(1)]." *Id.* at 843. Moreover, *Outar* itself did not turn on whether the falling object was carried by hand; thus, the defendants make too much of *Outar*'s dicta. Even if, however, the defendants are correct that an object dropped by hand does not implicate § 240(1), there is still a factual issue about whether the object was dropped by hand, or whether it fell from the control box because it was not properly secured.

## 2. Perez's 241(6) Claim

Under New York Labor Law § 241(6) ("§ 241(6)"), owners and contractors are vicariously liable for injuries due to, *inter alia*, failure to provide workers with safety devices required by the New York Industrial Code ("Industrial Code"). Perez argues that summary judgment should be granted in his favor because the defendants violated 23-1.8(c)(1)[4] of the Industrial Code, which states that "[e]very person required to work or pass

---

[4]Although Perez alleged in his complaint that the defendants also violated 23-1.7(a)(1) of the Industrial Code, which requires protection for people "who are required to work or pass an area that is normally exposed to falling material or objects," Perez's

within any area *where there is a danger* of being struck by falling objects . . . shall be provided with and shall be required to wear an approved safety hat." NYCRR 23-1.8(c)(1) (emphasis added). It is undisputed that Perez was neither provided with nor required to wear a safety hat.

Perez and the defendants all rely on *Marin v. AP-Amsterdam 1661 Park LLC*, 875 N.Y.S.2d 242 (2d Dep't 2009), where the court held that evidence that two similar objects had fallen earlier in the day was sufficient to create a triable issue of fact about whether there was a "danger" of falling objects at the work site. *See id.* at 245. Perez argues that since the battery fell, as a matter of law there was a danger of being struck by falling objects at the work site. The defendants argue that since Perez has not presented evidence that materials previously fell in the area where he was working, as a matter of law he has not shown that there was such a danger.

Perez is not entitled to summary judgment because the mere fact that an object fell does not automatically establish a "danger." Nor are defendants entitled to summary judgment because the court in *Marin* held only that evidence of a similar object previously falling was a sufficient — not necessary — condition for the issue to go to the jury. Thus, there is a triable issue of fact as to whether there was a foreseeable danger of falling objects which implicated the defendants' obligation to require safety hats.

### 3. Duane Reade's Liability as an "Owner"

Duane Reade argues that, in any event, Perez's claims against it should be

___

attorney represented at oral argument that he was abandoning that theory of liability.

dismissed because as a mere tenant, the New York Labor Law does not apply to it. Under §§ 240(1) and 241(6), an "owner" includes a "person who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his benefit." *See, e.g., Zaher v. Shopwell, Inc.*, 795 N.Y.S.2d 223, 225 (1st Dep't 2005). It is undisputed that Duane Reade contracted with DHI to have work performed at the building for its benefit, including the work Perez was doing when he was injured.

Duane Reade argues, however, that under *Ferluckaj v. Goldman Sachs & Co.*, 12 N.Y.3d 316 (2009), it should be excused from liability because it did not exercise control over Perez's work. In *Ferluckaj*, the court determined that a tenant-defendant was not liable as an "owner" under the labor law because it did not contract for the work done by the injured worker, and its general contractor did not subcontract work to the injured worker's employer. *See id.* at 319. In contrast, Duane Reade contracted for the work that was subcontracted out to Perez's employer. Thus, *Ferluckaj* is inapposite and Duane Reade could be held liable as an owner under the labor law.

### 4. Duane Reade's and the Owners' Cross-claims: Common Law Indemnity

Owners and contractors held liable under §§ 240(1) and 241(6) are entitled to indemnification upon proving (1) their own non-negligence and that, (2) as a matter of law, the proposed indemnitor was either negligent or "had authority to direct, supervise, and control the work giving rise to the . . . liability." *Benedetto v. Carrera Realty Corp.*, 32 N.Y.S.2d 542, 544 (2d Dep't 2006); *see also Kelly v. Diesel Const. Div.*, 35 N.Y.2d 1, 4 (1974). Duane Reade and the Owners argue in support of their motions for summary judgment

on their cross-claims against DHI and ECS for indemnification that (1) their non-negligence is undisputed, and (2) as a matter of law, either DHI or ECS had authority to direct, supervise and control the work. By providing evidence in support of both motions,[5] Duane Reade and the Owners essentially ask the Court to choose between DHI and ECS, and enter summary judgment against one of them. However, such inconsistent evidence about whether DHI or ECS had authority to direct, supervise and control the work gives rise to an issue of fact, which the Court must leave for the fact-finder.

## 5. DHI's Cross-claim: Contractual Indemnity

"A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances." *Drzewinski v. Atlantic Scaffold & Ladder Co.*, 70 N.Y.2d 774, 777 (1987). DHI argues that it is entitled to summary judgment on its cross claim against ECS for contractual indemnification because ECS agreed in their contract to

> indemnify, defend and hold harmless [DHI] . . . from any and all claims, losses, costs and damages, including but not limited to judgments . . .which [DHI] incurs because of injury to . . . any person (including but not limited to, any employee of [ECS] or any employee of any of its subcontractors)[.]

DHI Ex. G.

ECS argues, however, that the provision does not require indemnification for

---

[5]A DHI "field laborer/supervisor" was on site on the day of Perez's injury, and an ECS employee was on site that day to explain the job to Perez's employer.

DHI's own negligence, which remains an issue of fact for the jury; the Court agrees. As discussed above, the proximate cause of the falling battery remains an issue of fact; therefore, ECS may, at trial, be able to prove that DHI's negligence was the proximate cause.

## CONCLUSION

All motions are denied.

**SO ORDERED.**

s/ Judge Frederic Block

_____

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 11, 2011